IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CASEY DEAN BARGER,                      )
                                        )
            Petitioner,                 )
                                        )
      v.                                )      Civil Action No. 3:13cv448-MEF
                                        )              (WO)
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 3) addressing the applicability of the one-year limitation period to the petitioner's 28 U.S.C. § 2255 motion.

The Government argues that the petitioner's § 2255 motion, which was filed on June 21, 2013, is untimely pursuant to 28 U.S.C. § 2255(f)[1] and is therefore due to be dismissed.

---

[1] Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could

(continued...)

The record reflects that on July 13, 2009, the petitioner pled guilty to receiving and/or distributing child pornography in interstate commerce by computer. He was sentenced on November 19, 2009, to 210 months in prison. Judgment was entered by the district court on November 30, 2009. The petitioner did not take a direct appeal. Therefore, his conviction is deemed to be final on December 14, 2009.[2] For purposes of 28 U.S.C. § 2255(f)(1), then, the petitioner had until December 14, 2010, to file a timely § 2255 motion. The petitioner's filing of his § 2255 motion on June 21, 2013, renders it untimely under § 2255(f)(1).

Notwithstanding the tardiness of his motion, the petitioner maintains that this court has jurisdiction to address his claim of actual innocence, i.e., that he committed no act that the federal government had the power to criminalize, pursuant to the Supreme Court's recent decision in *National Federation of Independent Business v. Sebelius*, ___ U.S. ___, 132 S.Ct. 2566 (2012). The petitioner claims that *Sebelius* changed the scope of activity that can be regulated by Congress under the Commerce Clause and that because he did not buy or sell the child pornography, but instead downloaded it from the internet via his computer at no charge, he did not engage in interstate commerce. Thus, he reasons that his actions could not be regulated by the federal government under the Commerce Clause.

---

[1](...continued)
have been discovered through the exercise of due diligence.

[2] "When a defendant does not appeal his sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). The Federal Rules of Appellate Procedure allow 14 days from entry of judgment for a defendant to seek appellate review. *See* Fed.R.App.P. 4(b)(1).

The Government acknowledges that if *Sebelius*, which was decided on June 28, 2012, is the type of decision contemplated in 28 U.S.C. § 2255(f)(3) – i.e., one in which the Supreme Court announces a newly recognized right available to the petitioner and the right is retroactively applicable to cases on collateral review – the petitioner's motion would be timely under subsection (f)(3).  However, the Government argues that the *Sebelius* decision had no impact on the issue of whether the petitioner's actions constituted commerce for purposes of his federal prosecution and that it is therefore unnecessary to address whether *Sebelius* announced a newly recognized, retroactively applicable right that would render the petitioner's motion timely under subsection (f)(3).  The Government contends that the petitioner's use of the internet to receive child pornography placed his actions under Congressional authority because the internet itself is "an instrumentality of interstate commerce."  *See United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) (discussing Congress's power to regulate the internet, "as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact.").  Thus, the Government argues that the petitioner participated in interstate commerce and made himself subject to federal jurisdiction for purposes of 18 U.S.C. § 2252A(a)(2).

For the reasons set forth, it appears that the Government is correct in arguing that the petitioner's claim of actual innocence is meritless and that the petitioner's § 2255 motion is time-barred pursuant to the one-year period of limitation contained in 28 U.S.C. § 2255(f).  Accordingly it is

ORDERED that on or before August 23, 2013, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period and for the other reasons set forth by the Government.[3]

Done this 2nd day of August, 2013.


_____/s/ Susan Russ Walker_____
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] The Government also argues that the petitioner's motion is barred pursuant to a provision in the plea agreement whereby the petitioner waived his right to collaterally attack his sentence.