IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CASEY DEAN BARGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv448-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by federal inmate Casey Dean Barger ("Barger") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I. BACKGROUND**

On July 13, 2009, Barger pled guilty under a plea agreement to receiving or distributing child pornography in interstate commerce, a violation of 18 U.S.C. § 2252A(a)(2). On November 19, 2009, the district court sentenced him to 210 months' imprisonment. The court entered its judgment on November 30, 2009. Barger took no appeal.

On June 21, 2013, Barger filed the instant § 2255 motion (Doc. No. 1) challenging his conviction and sentence and claiming that he is actually innocent of the crime to which he pled guilty. The government argues that Barger's actual-innocence claim is without merit and that his motion should be dismissed as untimely under the one-year limitation period in 28 U.S.C. § 2255(f). *See* Doc. No. 3 at 5-8. For the reasons that follow, the court agrees

with the government.[1]

## II.  DISCUSSION

<u>Limitation Period in 28 U.S.C. § 2255(f)</u>

The timeliness of Barger's motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Barger did not pursue a direct appeal, his conviction became final for

---

[1] The government also argues that Barger's motion is barred by a provision in the plea agreement under which he waived his right to attack his sentence collaterally except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  *See* Doc. No. 3 at 8-9.  Because a transcript of the change of plea hearing has not been generated in Barger's case, and because Barger's § 2255 motion is plainly time-barred, the court pretermits discussion of the government's argument that the motion is also barred by the waiver provision in the plea agreement.

purposes of § 2255 on December 14, 2009, upon expiration of the time for him to file a timely appeal, which was 14 days after the district court's November 30, 2009, entry of judgment. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("When a defendant does not appeal his sentence, the judgment of conviction becomes final when the time for seeking that review expires."); Fed.R.App.P. 4(b)(1). Under § 2255(f)(1), then, Barger had until December 14, 2010, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, he did not file his § 2255 motion until June 21, 2013.

Actual Innocence

Seeking to avoid the time-bar in § 2255(f), Barger maintains that he is actually innocent of the crime of which he was convicted and that to allow his conviction to stand would represent a "complete miscarriage of justice." Doc. No. 1 at 1. Actual innocence may provide a gateway to review of an otherwise time-barred § 2255 motion. *See McQuiggin v. Perkins*, __ U.S. __, __, 133 S.Ct. 1924, 1298 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations.").

In asserting his actual innocence, Barger argues that the recent Supreme Court decision in *National Federation of Independent Business v. Sebelius*, __ U.S. __, 132 S.Ct. 2566 (2012) ("*Sebelius*"), effectively overruled prior precedent establishing Congress's power under the Commerce Clause to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce and thus establishing Congress's power under the Commerce Clause to regulate crimes involving the

internet and child pornography. *See, e.g., Gonzales v. Raich*, 545 U.S. 1, 17 (2005); *United States v. Maxwell*, 446 F.3d 1210, 1214 (11th Cir. 2005); *United States v. Smith*, 459 F.3d 1276, 1285 (11th Cir. 2006). The issue in *Sebelius* was whether the Affordable Care Act's mandate that virtually all Americans obtain health insurance or pay a penalty was an unconstitutional exercise of Congress's power under the Commerce Clause. 132 S.Ct. at 2585–91. The Court determined that the mandate "cannot be sustained" under Congress's Commerce Clause power because it forces into commerce individuals who have elected to refrain from such commercial activity, which goes beyond Congress's Commerce Clause powers. *Id*. at 2591.

According to Barger, *Sebelius* changed the scope of activity covered by the Commerce Clause, so that the crime to which he pled guilty has been removed from federal jurisdiction. *See* Doc. No. 1 at 1-20. He maintains that, in light of *Sebelius*, his downloading of "free unseen-unknown file folders [containing images of child pornography] by title or search word only" from the internet via his computer was non-economic activity that had no effect on interstate commerce. *Id*. at 17-20. The Eleventh Circuit Court of Appeals has recently rejected a criminal defendant's similar argument in *United States v. Parton*, 749 F.3d 1329 (11th Cir. 2014). The defendant in *Parton* sought to have his conviction for production of child pornography overturned in light of *Sebelius*, on the basis that the "interstate commerce nexus was insufficient" because the only basis was that the device used to make the pornographic images was a camera that had traveled in interstate commerce. 749 F.3d at 1330. The court held that *Sebelius* did not overrule prior precedent regarding the application

4

of the Commerce Clause in crimes involving child pornography:

> In *Sebelius*, Chief Justice Roberts was of the opinion that the Affordable Care Act could not be sustained under Congress's power pursuant to the Commerce Clause. However, his rationale has no application to this case or to the situation addressed in *Smith II* [*United States v. Smith*, 459 F.3d 1276 (11th Cir. 2006)] or *Maxwell II* [*United States v. Maxwell*, 446 F.3d 1210 (11th Cir. 2005)]. The Chief Justice reasoned that although Congress has the power to regulate existing commercial activity, the Commerce Clause cannot be interpreted to grant Congress the power to "compel [ ] individuals to become active in commerce by purchasing a product." __ U.S. at __, 132 S.Ct. at 2587; *see also id*. at __ , 132 S.Ct. at 2644 (Scalia, J., Kennedy, J., Thomas, J., and Alito, J., dissenting) ("But that failure [i.e., the failure to maintain health insurance] – that abstention from commerce – is not 'Commerce.' To be sure, purchasing insurance is 'Commerce'; but one does not regulate commerce that does not exist by compelling its existence."). Unlike the inactivity of the uninsured individuals addressed by the Chief Justice and the four dissenters in *Sebelius*, Parton produced child pornography; it was this activity which was criminalized by § 2251(a).
>
> We conclude that the Supreme Court in *Sebelius* said nothing to abrogate its holding in *Raich* [*v. Gonzales*, 545 U.S. 1 (2005)] to the effect that Congress has the power, as part of a comprehensive regulation of economic activity, to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce. Similarly, *Sebelius* said nothing to abrogate the holdings of this court in *Smith II* and *Maxwell II*, which closely followed the rationale of *Raich*. Indeed, *Maxwell II* found very little to distinguish Maxwell's claim from that of Raich. *Maxwell II*, 446 F.3d at 1216.

749 F.3d at 1331-32 (footnote omitted).

Although Barger argues – contra *Parton* – that *Sebelius* overruled *Raich v. Gonzales*, 545 U.S. 1 (2005)*,* "the case merely distinguishes *Raich*, which held that Congress has the power to enact comprehensive legislation to regulate the interstate market for marijuana, even when the specific transactions are wholly intrastate, because marijuana is a 'fungible commodity.' The same can be said of child pornography." *Cobb v. United States*, 2014 WL

5

6893085, at *5 (N.D. Ala. Dec. 5, 2014). Other circuit courts have similarly determined that *Sebelius* did nothing to restrict Congress's power to control the intrastate manufacture and possession of child pornography. *See, e.g., United States v. Rose*, 714 F.3d 362, 370-71 (6th Cir. 2013); *United States v. Boyle*, 700 F.3d 1138, 1146 (8th Cir. 2012). And other circuits have also rejected arguments that *Sebelius* eroded prior precedent regarding Congress's power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce. *See, e.g., United States v. Robbins*, 729 F.3d 131, 135-36 (2d Cir. 2013) (rejecting an argument that *Sebelius* eroded prior precedent sustaining the constitutionality of the Sex Offender Registration and Notification Act requiring the defendant to update his registration after traveling in interstate commerce; *United States v. Roszkowski*, 700 F.3d 50, 57-59 (1st Cir. 2012) (rejecting argument that *Sebelius* eroded prior precedent sustaining the constitutionality of the statute criminalizing possession by a convicted felon of a firearm that previously traveled in interstate commerce); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (same); *United States v. Henry*, 688 F.3d 637, 641 & n.5 (9th Cir. 2012) (stating that *Sebelius* did nothing to abrogate prior precedent upholding the constitutionality of a ban on possession of machine guns even though that ban included homemade machine guns that had not traveled in interstate commerce).

Because the rationale in *Sebelius* has no application to Barger's case, and in light of the Eleventh Circuit Court of Appeals' holding in *Parton*, this court finds that Barger's claim of actual innocence is without merit. The holding in *Sebelius* did not change the law

regarding Congress's power under the Commerce Clause to regulate the manufacture and possession of child pornography. Accordingly, Barger's § 2255 motion is time-barred under the one-year period of limitation in 28 U.S.C. § 2255(f).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and this case dismissed with prejudice, as the § 2255 motion was not filed within the controlling federal limitation period, 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 4, 2015. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[2] Barger makes no attempt to argue that the limitation period in his case is governed by any provision in 28 U.S.C. § 2255(f)(2)-(4) or that equitable tolling is warranted in his case. The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

DONE, this 18th day of February, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE